IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DR. WILLIAM STEVENS,

      Plaintiff,

v.

BOARD OF TRUSTEES, SOUTHERN
ILLINOIS UNIVERSITY, and DR. JOHN
KOROPCHAK, DR. PRUDENCE RICE,
and DR. GARY KINSEL, in their individual
capacities,

      Defendants,                        No. 11-cv-126-DRH

### ORDER

**HERNDON, Chief Judge:**

At issue here is whether an individual who works for a public agency may be held liable as an "employer" under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* There is a split of authority among federal appellate and district courts over this issue, and the Seventh Circuit has to resolve this dispute. For the reasons that follow, the Court finds that a public agency employee may be liable as an employer under the FMLA and therefore denies defendants Dr. John Koropchak, Dr. Prudence Rice, and Dr. Gary Kinsel's motion to dismiss (Doc. 37) plaintiff Dr. William Stevens' FMLA claim against them.

### I. Background

On February 14, 2011, plaintiff filed a complaint (Doc. 4) against   the Board

of Trustees of Southern Illinois University ("SIU") alleging two counts: 1) violation of Title I of the Americans with Disabilities Act of 2008 ("ADA"), 42 U.S.C. § 12112 *et seq.*; and 2) violation of the Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794.  On August 22, 2011, plaintiff, after obtaining leave of court, filed an amended complaint (Doc. 27), adding a claim of retaliation under the FMLA against SIU and Dr. John Koropchak, Dr. Prudence Rice, and Dr. Gary Kinsel, in their individual capacities (the "individual defendants").

In the amended complaint, Dr. Stevens alleged, as is relevant to here and the facts of which the Court takes as true, that Dr. Rice was the Director of the Office of Research and Development ("ORDA") at SIU and was Dr. Stevens' immediate supervisor, that Dr. Koropchak was the Vice Chancellor for research and Dean of the Graduate School at SIU and was Dr. Rice's immediate supervisor, and that Dr. Kinsel was the Chair of the Chemistry Department at SIU.  Dr. Stevens claimed that each of the individual defendants was an employer as defined by the FMLA.  Further, Dr. Stevens claimed that he was the Director of the Nuclear Magnetic Resonance ("NMR") Facility at SIU, that he had been an employee at SIU since June 5, 1989, and that he had a serious spinal condition which resulted in permanent impairments that substantially interfered with multiple major life activities, including, but not limited to, walking, climbing, bending, and engaging in a broad range of activities.  Despite these limitations, Dr. Stevens alleged that he could perform all the essential functions of his job with reasonable accommodations.

Dr. Stevens alleged that beginning in 2007 and continuing thereafter SIU had

knowledge that he suffered from a disability, and that in 2008 and 2009 he requested and received leave under the FMLA for treatment of his condition. Plaintiff asserts that he repeatedly requested reasonable accommodations from the individual defendants but the individual defendants failed to engage in discussions or otherwise participate in the interactive process to identify and/or address reasonable accommodations for him.

Further, Dr. Stevens claims that in November 2009, Associate Professor Dr. Boyd Goodson performed an evaluation of Dr. Stevens' job performance for the time period from November 15, 2008, to November 15, 2009. Plaintiff asserts that Dr. Goodson rated him as effective or highly effective in many areas but also as marginal in several areas. Dr. Stevens alleges that in every area rated as marginal, Dr. Goodson stated that his rating was based on Dr. Stevens' "extensive health problems," "health conditions," and/or "limitations imposed by health conditions." Plaintiff maintains that he complained to Dr. Rice and Dr. Goodson about the evaluation, and on June 3, 2010, Dr. Rice gave to Dr. Stevens notice that his position was being terminated. Plaintiff claims that the "notice" stated, "This action is being taken because of circumstances noted in the November 15, 2009, review of your performance carried out by Dr. Boyd Goodson . . . ."

In plaintiff's retaliation count under the FMLA, plaintiff alleged that he requested time off work to address his medical conditions in 2009, took FMLA approved leave in the last half of 2009, and that in 2010, it became obvious that plaintiff would require additional FMLA leave because of his medical/health

conditions. Dr. Stevens asserts that the individual defendants met on May 4, 2010, and discussed plaintiff's health issues as well as his FMLA needs and application and decided at that meeting to give notice to plaintiff that his continuing employment with SIU would be terminated. Plaintiff claims that on June 2, 2010, plaintiff was told that his continuing employment with SIU was terminated, and that he was given a letter to this effect signed by Dr. Rice on June 3, 2010. Dr. Stevens contends that his termination constituted a willful violation of the FMLA, a retaliatory violation of the FMLA, and that as a direct and proximate result, he suffered loss of salary and benefits from his employment with SIU and loss of respect and stature in the workplace.

The individual defendants filed a motion to dismiss the FMLA retaliation claim against them. That motion has been briefed. For the reasons that follow, that motion is denied.

## II. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id*.

In making this assessment, the district court accepts as true all well-

pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. See *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied,* 553 U.S. 1032 (2008). Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008).

The individual defendants contend that although the law is unsettled, the most persuasive authority provides that a plaintiff cannot pursue a FMLA claim against a public agency employee in his or her individual capacity. Alternatively, the individual defendants maintain that any such individual claim may only be pursued as against a supervisor, and therefore, even if the Court permits plaintiff to pursue an FMLA claim against a public agency employee in his or her individual capacity, any such claim should be limited to Dr. Rice, the only supervisor alleged in plaintiff's complaint. Plaintiff responds by arguing that there is no Seventh Circuit law to support the individual defendants' motion to dismiss, and therefore, it must be denied. These issues require the Court to construe the FMLA.

In cases involving statutory construction, the starting point must be the language employed by Congress. *United States v. Lock*, 466 F.3d 594, 598 (7th Cir.

2006). The Court assumes that the legislative purpose is expressed by the ordinary meaning of the words used. *Id.* Absent a clearly expressed legislative intent to the contrary, the plain language should be conclusive. *Id.* "'It is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no farther than those words in interpreting the statute.'" *Cler, v. Ill. Educ. Assoc.*, 423 F.3d 726, 730 (7th Cir. 2005) (quoting *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004)). "It is true that in a small number of cases where the words of a statute are '"plainly at variance with the policy of the legislation as a whole"' courts may look beyond those words to interpret the statute in a way more truly consistent with the intent of Congress." *Estate of Cowser v. Comm'r of Internal Revenue*, 736 F.2d 1168, 1171 (7th Cir. 1984) (quoting *United States v. Am. Trucking Assocs., Inc.*, 310 U.S. 534, 543 (1940))

At issue is whether the individual defendants, who are public agency employees, may be held liable as an "employer" as that term is defined in the FMLA. Under the FMLA, "employer" is defined as follows:

(4) Employer.
   (A) In general. The term "employer"--
      (I) means any person engaged in commerce or in any
      industry or activity affecting commerce who employs 50
      or more employees for each working day during each of
      20 or more calendar workweeks in the current or
      preceding calendar year;
      (ii) includes--
         (I) any person who acts, directly or indirectly, in
         the interest of an employer to any of the
         employees of such employer; and
         (II) any successor in interest of an employer;
      (iii) includes any "public agency", as defined in

>section 3(x) of the Fair Labor Standards Act of
>1938 (29 U.S.C. 203(x)); and
>(iv) includes the General Accounting Office [Government
>Accountability Office] and the Library of Congress.
>(B) Public agency. For purposes of subparagraph (A)(iii), a
>public agency shall be considered to be a person engaged in
>commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4).

Under the plain language of the statute, the Court finds that "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" is an employer under the FMLA, and since a public agency is an employer, it is the plain meaning of the statute to conclude that "any person who acts, directly or indirectly, in the interest of" a public agency is an employer.  It appears undisputed that a private employee can be an employer under the FMLA, yet there is much dispute as to whether a public agency can be an employer under the FMLA.  Applying the plain meaning of the statute, the Court finds that this dispute is unwarranted.  Nevertheless, because the FMLA and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") rely on many of the same terms,[1] but do not apply the exact same language when defining the term employer, many courts have compared these two acts when grappling with this issue and so will this Court.

"Employer" under the FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a

---

[1]The terms "employ," "employee," and "State" have the same meaning under the FMLA as they do under the FLSA, 29 U.S.C. § 203(c), (e), & (g).

public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). Congress's decision to define the term "employer" differently has caused a split amongst the courts as to whether a public agency employee may be held liable as an employer under the FMLA. Among the federal circuit appellate courts, the Sixth and Eleventh Circuits have found public agency employees sued in their individual capacities are not "employers" under the FMLA. See *Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003) (concluding "that the FMLA's individual liability provision does not extend to public agencies"); *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) (holding that a public official sued in his or her individual capacity is not an "employer" under the FMLA). On the other hand, the Third, Fifth, and Eight Circuits have determined that a public agency employee may be held individually liable pursuant to the FMLA. See *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 410 (3rd Cir. 2012) (holding that a supervisor in a public agency may be subject to individual liability under the FMLA); *(Modica v. Taylor*, 465 F.3d 174, 184-86 (5th Cir. 2006) (rejecting *Mitchell* and *Wascura* and finding that a public employee may be held individually liable under the FMLA); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) (finding that the plain language of the statute indicates that "[i]f an individual meets the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity"). Having considered these opinions, along with numerous conflicting

district court decisions, the Court finds the result reached by the Third, Fifth, and Eight Circuit decisions to be persuasive.

This decision is further supported by the Code of Federal Regulations which Congress ordered the Secretary of Labor (the "Secretary") to prescribe to "carry out" the FMLA.  29 U.S.C. § 2654.  "The Secretary's judgment that a particular regulation fits within this statutory constraint must be given considerable weight." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 86 (2002).  Nevertheless, deference to the Secretary has limits in that a regulation cannot stand if it is arbitrary, capricious, or manifestly contrary to the statute.  *Id.* (quoting *United States v. O'Hagan*, 521 U.S. 642, 673 (1997)).  To determine whether a regulation is a valid exercise of the Secretary's authority, the Court must consult the Act, viewing it as a "'symmetrical and coherent regulatory scheme.'" *Ragsdale*, 535 U.S. at 86 (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569 (1996)).

The Code of Federal Regulations provides that "[e]mployers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer, any successor in interest of a covered employer, and any public agency."  29 C.F.R. § 825.104(a). Moreover, the Code specifically states that "[a]s under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA."  29 C.F.R. § 825.104(d).

These regulations provide additional support for the Court's conclusion that a public agency employee may be an employer under the FMLA.  The regulations

clearly state that "[e]mployers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of . . . any public agency." 29 C.F.R. § 825.104(a). This regulation is given considerable weight and is not arbitrary, capricious, or manifestly contrary to the statute when consulting the FMLA's 'symmetrical and coherent regulatory scheme. *Ragsdale*, 535 U.S. at 86. This is consistent with the regulation's statement that "[a]s under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA." 29 C.F.R. § 825.104(d).

As to the individual defendants' alternative arguments that any retaliation claim may only be brought against a supervisor, the Court finds this argument to be unpersuasive at this point. The individual defendants do not provide the Court with any binding precedent to support this proposition and nothing in the definition of "employer" under the FMLA requires such a result. Moreover, the allegations made in plaintiff's complaint, which the Court takes as true at this point, at least infer that the individual defendants were acting in a supervisor capacity over plaintiff in that Dr. Stevens alleged that the individual defendants met on May 4, 2010, and discussed plaintiff's health issues as well as his FMLA needs and application and decided at that meeting to give notice to plaintiff that his continuing employment with SIU would be terminated. If in fact the individual defendants' assertions regarding any FMLA claims only being plausible against a supervisor are true, then plaintiff has alleged enough to infer that they acted in a

supervisor capacity to survive the motion to dismiss.

### III. Conclusion

For the reasons stated above, the individual defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

Signed this 9th day of September, 2012.

David R. Herndon
2012.09.09
10:48:41 -05'00'

**Chief Judge
United States District Court**